IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, )<br>JAMES CUNNINGHAM )<br> )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>ARMY FLEET SUPPORT, LLC, *et al.*, )<br> )<br>   Defendants. ) | CIVIL CASE NO.  1:19-cv-320-ECM<br>(WO) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the parties' joint motion for the Court's consent to their proposed settlement, filed on May 24, 2024. (Doc. 103).  For the reasons that follow, the motion is due to be GRANTED.

Plaintiff James Cunningham ("Cunningham") brings this action against Defendants Army Fleet Support, LLC and L-3 Communications Corporation, asserting multiple claims under the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA"). (Doc. 44).  Cunningham specifically brings this action as a relator pursuant to the qui tam provisions of the FCA in connection with his employment by the Defendants as an aircraft maintenance inspector from November 2003 to September 2016 at the military base then-known as Fort Rucker.[1] (*Id.* at 2–4, paras. 2, 11–14).  In his complaint, Cunningham alleges fraud by the Defendants related to helicopter maintenance services they contracted with the United States Department of Defense to perform at Fort Rucker. (*Id.* at 36, paras. 140–144).  The

---

[1] The United States Army renamed Fort Rucker to Fort Novosel in 2023.

Defendants deny these allegations in their answer. (Doc. 55).

The parties now seek the Court's consent to their proposed settlement prior to filing a stipulation of dismissal. (Doc. 103 at 1–2, paras. 1–2). Such a motion is required because this qui tam "action may be dismissed only if the [C]ourt and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(1); *see also Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1311 (11th Cir. 2021) ("Significantly, the relator cannot dismiss her qui tam action unless the United States consents in writing.").

On June 13, 2024, the Government filed a report wherein it gave consent to the settlement following a review of the proposed settlement agreement which "releases only claims brought by [Cunningham] and is without prejudice to the United States." (Doc. 105 at 1). In so doing, the Government stated that it "reserves the right to revoke its consent should the terms of the proposed settlement agreement change in a way that materially affects its rights before the action is dismissed." (*Id.*).

Upon review of the parties' submissions and the Government's report, the Court finds the proposed settlement to be appropriate under applicable law. In particular, the Court finds that the proposed settlement would not prejudice the Government's interests in this matter. Therefore, it is

ORDERED that the parties' joint motion for the Court's consent to their proposed settlement (doc. 103) is GRANTED.

DONE this 18th day of June, 2024.

                                  /s/ Emily C. Marks  
                            EMILY C. MARKS  
                            CHIEF UNITED STATES DISTRICT JUDGE